UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL BARNES,

      Plaintiff,

v.                                       Case No: 2:16-cv-174-FtM-99CM

LANE VALENTE INDUSTRIES,
INC.,

      Defendant.

REPORT AND RECOMMENDATIONS[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 25[2]) filed on September 13, 2016. The parties provided a copy of the Settlement Agreement and Mutual General Release of Claims (Doc. 25-1) for the Court's review. The

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the

parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.,* 679 F.2d at 1355. In determining the reasonableness of a settlement, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits: (5) the range of possible recovery; and (6) the opinions of the counsel. *See Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

In this case, Plaintiff's Complaint alleges that Plaintiff worked for Defendant as a non-exempt salaried project manager. Doc. 1 at 3 ¶ 13. Plaintiff alleges that he understood his salary was intended to compensate him for forty (40) hours each week. *Id.* ¶ 14. The Complaint further alleges that at various times from July 7, 2015 to October 12, 2015, Plaintiff worked in excess of forty hours in a single workweek. *Id.* ¶ 18. Accordingly, on March 4, 2016, Plaintiff filed his Complaint for recovery of overtime compensation pursuant to the FLSA. Doc. 1. In his answers to the Court's interrogatories, Plaintiff calculated his overtime wages due to amount between $1,541.63 and $6,643.35, depending on how many hours for which

he was given credit. Doc. 21-1 at 3. Plaintiff also claimed an equal amount in liquidated damages. Id. Defendant, in turn, maintained that Plaintiff was a salaried project manager who was not entitled to overtime compensation pursuant to the FLSA. Doc. 16 at 3-4, Doc. 25 at 1.

The parties submit that in an effort to avoid the uncertainties and costs of continued litigation, the parties have reached a compromise with Plaintiff receiving substantial recovery in comparison to his alleged, calculated overtime as set forth in his answers to the Court's interrogatories. Doc. 25 at 4. Under the settlement agreement, Defendant will pay Plaintiff $8,000.00, half of which represents back wages and the other half as liquidated damages. Doc. 25-1 at 2 ¶ 3. Defendant also will pay Plaintiff's counsel $5,000.00 in attorney's fees and costs. Id.

The parties also submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in their settlement agreement. Doc. 25 at 4. After exchanging information and records from Plaintiff's employment during discovery, the Parties engaged in settlement negotiations for over four months. Id. In light of the uncertainty of litigation, Plaintiff agrees that the sum he is receiving constitutes a reasonable and informed compromise of his claims. Id. Plaintiff has at all times been represented by counsel.

Based on the parties' representations, the Court's review of the settlement agreements and the policy in this circuit of promoting settlement of litigation, the

Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

With respect to attorneys' fees, the parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Doc. 25 at 2-3. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the

Plaintiffs. Thus, having reviewed the settlement agreements, the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The Court notes, however, that the parties have included a mutual general release of claims, which in some circumstances may render the agreement unfair. Doc. 25-1 at 2 ¶ 5. In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at \*4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at \*2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at \*3 (M.D. Fla. Oct. 27, 2014). For example, in *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at \*3. Other courts have also found mutual general releases to confer a

benefit on plaintiff, and thus acceptable. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer). In this case, the parties assert that the mutual general release is important to each party to ensure that there will not be future litigation on events arising prior to approval, including claims that Defendant may have against Plaintiff. Doc. 25 at 2. Under these circumstances, therefore, the Court finds that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 25) be **GRANTED** and the Settlement Agreement and Mutual General Release of Claims (Doc. 25-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 13th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record